UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK RICCIO, on behalf of herself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| NATIONAL ENTERPRISE SYSTEMS, INC., and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, FRANK RICCIO, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant, NATIONAL ENTERPRISE SYSTEMS, INC., ("NES"), JOHN DOES 1-25 ("Defendants") their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of Somerset County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. NES maintains a location at 2479 Edison Blvd., Unit A, Twinsburg, OH 44087.

8. Upon information and belief, NES uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. NES is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from NES concerning a debt owed to PNC BANK, which included the alleged conduct and practices described herein.
- The class definition may be subsequently modified or refined.
- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:
    a. Whether the Defendant violated various provisions of the FDCPA including but not limited to:
       15 U.S.C. §§ 1692e *et seq.*, and 1692f *et seq.*

    b.    Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class

members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy, it will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. On or about March 23, 2015, Plaintiff allegedly incurred a financial obligation to PNC BANK ("PNC").

16. The PNC obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The PNC obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. PNC is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19. On or before February 2, 2017, PNC placed the PNC obligation with NES for the purpose of collection.

20. At the time PNC assigned the obligation with NES , the obligation was in default.

21. NES caused to be delivered to Plaintiff a letter dated February 16, 2017, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A.**

22. The February 16, 2017 letter was sent to Plaintiff in connection with the collection of the PNC obligation.

23. The February 16, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

24. Upon receipt, Plaintiff read the February 16, 2017 letter.

25. The February 16, 2017 letter stated in part:

Balance: $178.67

26. The February 16, 2017 letter also included a computer printout, which stated in part:

SOFT CHARGE - OFF FEE    36.00

DRU  CHARGE - OFF FEE    30.00

27. The SOFT CHARGE - OFF FEE of $36.00 is not authorized by the agreement creating the debt.

28. The SOFT CHARGE - OFF FEE of $36.00 is not permitted by law.

29. The DRU CHARGE - OFF FEE of $30.00 is not authorized by the agreement creating the debt.

30. The DRU CHARGE - OFF FEE of $30.00 is not permitted by law.

31. The SOFT CHARGE - OFF FEE of $36.00 is a "list fee" added by NES.

32. The DRU CHARGE - OFF FEE of $30.00 is a "list fee" added by NES.

33. NES knew or should have known that its actions violated the FDCPA.

34. NES could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

35. It is NES' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

   (b) Collecting or attempting collect fees that are not authorized by the agreement creating the debt or permitted by law.

36. On information and belief, NES sent written communications in the form annexed hereto as **Exhibit A**, to at least 40 natural persons in the state of New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

37. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

38. Collection letters and/or notices, such as those sent by NES, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

39. 15 U.S.C. §1692f(1) prohibits a debt collector from collecting or attempting to collect any amount (including interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the dent or permitted by law.

40. NES violated 15 U.S.C. §1692f(1) by attempting to collect a SOFT CHARGE - OFF FEE of $36.00.

41. NES violated 15 U.S.C. §1692f(1) by attempting to collect a DRU CHARGE - OFF FEE of $30.00.

Case 3:18-cv-02292-MAS-TJB   Document 1   Filed 02/16/18   Page 8 of 14 PageID: 8

42. 15 U.S.C. §1692e(10) prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt....

43. NES violated 15 U.S.C. §1692e(10) by representing that Plaintiff owes a SOFT CHARGE - OFF FEE of $36.00.

44. NES violated 15 U.S.C. §1692e(10) by representing that Plaintiff owes a DRU CHARGE - OFF FEE of $30.00

45. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

46. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

47. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

48. Plaintiff and others similarly situated were sent letters, which would have affected their decision-making with regard to the debt.

49. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

50. Plaintiff has suffered damages and other harm as a direct result of NES' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

  (c)  Awarding Plaintiff and the Class actual damages;

  (d)  Awarding pre-judgment interest;

  (e)  Awarding post-judgment interest.

  (f)  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

  (g)  Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: February 16, 2018

            *s/ Joseph K. Jones*
            Joseph K. Jones, Esq.
            JONES, WOLF & KAPASI, LLC
            375 Passaic Avenue
            Fairfield, New Jersey 07004
            (973) 227-5900 telephone
            (973) 244-0019 facsimile
            jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

            *s/ Joseph K. Jones*
            Joseph K. Jones, Esq.

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: February 16, 2018

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit A



2479 Edison Blvd., Unit A • Twinsburg, OH 44087-2340
Ph. (877) 603-7165

February 16, 2017

FRANK RICCIO

Current Creditor: PNC BANK - ORR PRIMARY
Original Creditor: PNC BANK - ORR PRIMARY
Account Number: XXXXXX1391
NES Account Number:      866
Date of Referral: 01/05/2017
Date of Service: 03/23/2015

Please contact: Eric Thut(DO NOT DELETE) at (877) 603-7165

**Balance: $178.67**

Enclosed is the information you requested on your account.

If you have any further questions, do not hesitate to call us at (877) 603-7165.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

You can now pay by automated phone system at (800) 238-0868 or on the internet at https://paymynesbill.webview.com. Just enter your account number    866. You are not required to use the automated phone system or the internet to make payment on this account. If you make payment on this account by check, the face amount of the check may be presented to your bank by paper draft or electronically as permitted by law.

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

**Colorado Residents:**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR.

The National Enterprise Systems, Inc. Resident Manager for the State of Colorado is:

Virtuoso Sourcing Group, LLC
4500 Cherry Creek Drive South, Suite 300
Glendale, Colorado 80246
720-508-8689

**Maine Residents:**
Office Hours: M-Th 8:00 AM – 7:00 PM EST, Fri 8:00 AM – 4:30 PM EST.
Phone number: 877-603-7165

**Massachusetts Residents:**
Office Hours: M-Th 8:00 AM – 7:00 PM EST, Fri 8:00 AM – 4:30 PM EST.

NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

Phone Number: 877-603-7165

**Minnesota Residents:**
This collection agency is licensed by the Minnesota Department of Commerce.

**New York State Residents:**
If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: Supplemental security income, (SSI); Social Security; Public assistance (welfare); Spousal support, maintenance (alimony) or child support; Unemployment benefits; Disability benefits; Workers' compensation benefits; Public or private pensions; Veterans' benefits; Federal student loans, federal student grants, and federal work study funds; and ninety percent of your wages or salary earned in the last sixty days.

**New York City Residents:**
New York City Department of Consumer Affairs License Number: 1129025

Phone number: 877-603-7165
Compliance Department Manager: Eric Thut

**North Carolina Residents:**
North Carolina Permit Number: 101691

**Tennessee Residents:**
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**Wisconsin Residents:**
This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.

